UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Jonathan Cruz-Marte,
    Petitioner

v.                                  Case No. 25-cv-250-SM-TSM
                                      Opinion No. 2025 DNH 131

United States of America,
    Respondent


**O R D E R**

The Petitioner, Jonathan Cruz-Marte, pled guilty to conspiracy to distribute controlled substances and, pursuant to a binding plea agreement with the government, he was sentenced to serve 96 months in prison. He now seeks habeas corpus relief on grounds that appointed counsel provided ineffective assistance on various grounds including the alleged failure to seek the suppression of certain evidence. See generally Strickland v. Washington, 466 U.S. 668 (1984). See also 28 U.S.C. § 2255. The government objects, asserting that Cruz-Marte's petition is untimely. The court agrees and, for that reason, the petition is necessarily denied.

**Background**

The procedural history of this case is somewhat confusing and it is complicated by the fact that Cruz-Marte has an appeal related to the denial of a sentence adjustment currently pending before the Court of Appeals for the First Circuit. In summary, the relevant facts and dates are as follows:

> **June 1, 2021.** The government filed a superseding indictment charging Cruz-Marte with conspiracy to distribute controlled substances.
>
> **June 21, 2023.** The parties submitted a binding plea agreement, pursuant to Rule 11(c)(1)(C).
>
> **September 12, 2023.** The court conducted a change of plea hearing at which Cruz-Marte pled guilty to the sole charge against him.
>
> **December 20, 2023.** The court accepted the binding stipulations in the plea agreement and sentenced Cruz-Marte to serve 96 months in prison.
>
> **January 2, 2024.** Judgment was entered.
>
> **January 16, 2024.** The time for filing an appeal with the Court of Appeals expired. Cruz-Marte did not appeal his conviction or sentence and his judgment of conviction became final.
>
> **Seventeen months passed.**
>
> **June 13, 2025.** Cruz-Marte filed a pro-se motion seeking a reduction of his sentence pursuant to Amendment 821 to the United States Sentencing Guidelines. That motion was denied on grounds that he was not eligible for such a sentence reduction. On July 8, 2025, Cruz-Marte filed a Notice of Appeal, challenging the denial of that motion. See United States v. Cruz-Marte, No. 25-1679.

**July 2, 2025.** Nealy a year and a half after his conviction became final (on January 16, 2024), Cruz-Marte filed the pending habeas corpus petition.

## Discussion

Pursuant to 28 U.S.C. § 2255(f)(1), Cruz-Marte was required to file his petition within one year of the date on which his conviction became final. Although there are circumstances under which that one year period runs from a different date, none is applicable here. Judgment was entered on January 2, 2024. Cruz-Marte then had 14 days within which to file an appeal. See Fed. R. App. P. 4(b)(1)(A)(i). He did not appeal. Consequently, his conviction became final on January 16, 2024, when the time for filing a direct appeal to the Court of Appeals expired. See Murphy v. United States, No. CIV.08-CV-224-JD, 2008 WL 4224320, at *1 (D.N.H. Sept. 9, 2008) ("[I]n the context of a petitioner who did not file a direct appeal, . . . the judgment of conviction becomes final after the [14-day] time period for bringing a direct appeal has expired.") (citations omitted). See also Sanchez-Castellano v. United States, 358 F.3d 424, 427 (6th Cir. 2004) ("[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed."); Gillis v. United States, 729

3

F.3d 641, 644 (6th Cir. 2013) ("A conviction becomes final when the time for direct appeal expires and no appeal has been filed.").

Cruz-Marte filed the pending petition seeking habeas corpus relief on July 2, 2025, more than seventeen months after his conviction became final. Plainly, then, that petition is untimely.

Cruz-Marte's efforts to circumvent the one-year filing limitation by invoking the provisions of Federal Rule of Civil Procedure 60(b) (or, perhaps by implication, those of Federal Rule of Criminal Procedure 33 or 35) are unavailing. See United States v. Murphy, No. 05-CR-251-01-JD, 2010 WL 3430844, at *2-3 (D.N.H. Aug. 30, 2010). See generally Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008) ("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 para. 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover.") (quoting Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004)).

Similarly unavailing are Cruz-Marte's efforts advanced under 28 U.S.C. § 2255(f)(4). According to Cruz-Marte, "My claims are timely under 2255(f)(4) because I could not have

4

discovered the fact[s] earlier despite due diligence.  My mental health issues, lack of legal resources, and limited access to records caused delays beyond my control."  Petitioner's Reply (document no. 5) at 1.  But the facts upon which Cruz-Marte bases his claimed entitlement to relief were all known to him long ago - well before the one-year period for filing a 2255 petition lapsed (i.e., counsel's alleged failure to seek to suppress evidence; counsel's alleged failure to follow his directive to appeal his conviction; and counsel's alleged failure to seek a competency hearing).

## Conclusion

For the forgoing reasons, as well as those set forth in the Government's Opposition Memorandum (document no. 4), Cruz-Marte's Petition for Relief under 28 U.S.C. § 2255 (**document no. 1**) is necessarily denied.  His motion for the appointment of counsel (**document no. 6**) is denied, but his motion to amend his habeas petition (**document no. 7**) is granted, although the amendments do not affect the outcome.

Because Cruz-Marte has not made a substantial showing of the denial of a constitutional right, nor has he shown that jurists of reason would find it debatable whether his petition was timely, the court declines to issue a certificate of

appealability.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000). See also 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1); Rule 11(a), Rules Governing Habeas Corpus Cases Under Section 2255. Cruz-Marte is, however, free to seek such a certificate directly from the United States Court of Appeals for the First Circuit, located in Boston, Massachusetts.  See Fed. R. App. P. 22(b)(1); Rule 11(a), Rules Governing Section 2255 Proceedings; First Cir. Local Rule 22.0(b).

The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

November 10, 2025

cc:  Jonathan Cruz-Marte, pro se
     Counsel of Record